UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

    BEVERLY REBECCA ROBINSON,
                  Debtor.　　　　　　　　　　　Case No.: 04-05253-8-JRL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

_____

    JAMES B. ANGELL
    CHAPTER 7 TRUSTEE,
                  Plaintiff,

    v.　　　　　　　　　　　　　　　　　　　　　　　Adversary Proceeding No.:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　L-05-00035-8-AP

    BEVERLY REBECCA ROBINSON,
                  Defendant.

_____

## ORDER

This case is before the court on the trustee's motion for summary judgment. On March 2, 2006, the court conducted a hearing on this matter in Wilson, North Carolina.

## UNDISPUTED FACTS

1.    On July 6, 2004, the debtor filed for relief under Chapter 7.

2.    In her petition, the debtor disclosed that she owned real property at 3 Geneva Court, Glassboro, Gloucester County, New Jersey.

3.    On August 6, 2004, the trustee conducted a § 341 examination of the debtor.

4.    During the § 341 examination, the trustee inquired regarding the debtor's interest in the

1

subject property and the value of that property in order to determine whether to liquidate it for the benefit of the estate. The trustee told the debtor that he was withholding classification of her case and intended to investigate the subject property.

5. After the § 341 meeting, Jennifer McInnes, who is the trustee's assistant, contacted a real estate agent in New Jersey to evaluate the property and to provide an estimate of the property's fair market value.

6. On August 24, 2004, the New Jersey real estate agent reported that, based upon comparative sales of real property in the area, the subject property could be listed on the open market for approximately $220,000.00.

7. Based upon the estimates provided by the New Jersey real estate agent, the trustee believed that the sale of the subject property would produce a benefit to the bankruptcy estate.

8. On August 24, 2004, Ms. McInnes informed the debtor's attorney that it appeared there was equity in the property and that the trustee intended to proceed with a sale of the property.

9. On September 10, 2004, despite having knowledge of the trustee's intent to sell the property, the debtor transferred her interest in the property to Mr. Robinson.

10. The debtor never told the trustee of the transfer.

11. Before placing the property for sale, the trustee offered to sell the apparent equity in the property to Anthony Q. Robinson, the joint owner of the property and the debtor's ex-husband. This offer was made by letter, via regular mail, dated September 21, 2004.

12. On September 22, 2004, the deed transferring the debtor's property interest to Mr. Robinson was recorded with the Gloucester County Clerk.

13. The deadline for objecting to the debtor's discharge was October 5, 2004.

14. On October 6, 2004, the debtor was granted a discharge by order of this court.

15. On October 6, 2004, Ms. McInnes received a telephone call from Mr. Robinson regarding the property, which prompted further investigation. The trustee then discovered that the debtor had transferred her entire interest in the property to Mr. Robinson.

## STANDARD OF REVIEW

Bankruptcy Rule 7056 adopts Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, "[summary] judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making the determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 82 S. Ct. 993 (1962). Nevertheless, an issue of fact cannot be created through "mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Once a motion for summary judgment is made and supported under Rule 56, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

**DISCUSSION**

The trustee asserts that the debtor's discharge should be revoked, pursuant to § 727(d)(1), which provides that discharge shall be revoked if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1). Fraud under § 727(d) may be shown in the same way that it would be shown under § 727(a) to prevent discharge. Burns v. Gallimore (In re Gallimore), 2004 WL 1743947 *10 (Bankr. M.D.N.C. Jun. 8, 2004); Elmira Savings Bank v. George (In re George), 179 B.R. 17, 22 (Bankr. W.D.N.Y. 1995). In this case, the trustee argues that the debtor transferred property of the estate knowing that the trustee intended to sell the property for the benefit of the estate, and she failed to disclose the disposition of that property to the trustee prior to her discharge. The court can deny discharge under § 727(a)(2) when "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred . . . or has permitted to be transferred . . . property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(B). "[T]he court may infer from circumstantial evidence . . . that the debtor acted with the necessary intent." In re Ingle, 70 B.R. 979, 983 (Bankr. E.D.N.C. 1987); *see also* Beaman v. Kindt (In re Kindt), 02-00155-8-JRL (Bankr. E.D.N.C. Feb. 10, 2005).

Here, the § 341 meeting transcript supports that, at the § 341 meeting, the trustee asked the debtor numerous questions about her interest in the subject property and the value of the property. Moreover, the trustee told the debtor that he was withholding classification of her case and intended to investigate the New Jersey property. The affidavits of the trustee and Ms. McInnes support that a New Jersey real estate agent was contacted in order to obtain a purchase price for the property. Based on the information

4

provided by the real estate agent, the trustee determined that there was equity in the property and that a sale was warranted. The affidavit of Ms. McInnes supports that she contacted the debtor's attorney on August 24, 2004 and indicated that there was equity in the property and that the trustee intended to sell the property. Thereafter, despite the trustee's statement at the § 341 meeting that he intended to investigate the property and despite Ms. McInnes' telephone call to the debtor's attorney stating that the trustee intended to sell the property, the debtor transferred her interest in the property to her ex-husband on September 10, 2004, which deed was recorded on September 22, 2004. The affidavits of the trustee and Ms. McInnes as well as the trustee's letter, dated September 21, 2004, support that the trustee offered to sell the debtor's interest in the property to the ex-husband. The affidavits of the trustee and Ms. McKinnes support that, it was not until the ex-husband called on October 6, 2004, that the trustee discovered the debtor had transferred her property interest.

On May 16, 2005, the court granted the motion filed by the debtor's attorney to withdraw as counsel in the underlying case and this adversary proceeding. The certificate of service on the motion for summary judgement indicates that, on December 13, 2005, the *pro se* debtor was served via first class mail with the motion for summary judgment at her designated address in Elizabethtown, North Carolina. In addition, on January 9, 2006, the court sent the debtor a *pro se* memorandum indicating the standard for summary judgment and advising the debtor that an opposition to the motion must be filed by January 30, 2006. The debtor failed to provide any response to the motion for summary judgment, thus she has provided no evidence to refute the evidence of the trustee.

## CONCLUSION

The court finds that there are no issues of genuine fact, that the evidence supports that the debtor

5

fraudulently transferred property of the estate, and that the trustee did not know of such fraudulent conduct until after the granting of the debtor's discharge. Accordingly, the court grants summary judgment in favor of the trustee, and the debtor's discharge is revoked under § 727(d)(1).

**So Ordered.**

**Dated: March 8, 2006**

J. Rich Leonard
United States Bankruptcy Judge